# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Haley and Maureen Haley,<br><br>              Plaintiffs,<br><br>v.<br><br>The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-56 Mortgage Pass-Through Certificates, Series 2005-56, Bank of America, N.A., BAC Home Loans Servicing L.P., Mortgage Electronic Registration System, Inc., MERSCORP Holdings, Inc., and also all other persons, unknown claiming any right, title estate, interest, or lien in the real estate described in the complaint herein,<br><br>              Defendants. | Civil No. 13-1930 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

      This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-56 Mortgage Pass-Through Certificates, Series 2005-56 ("BONYM"), Bank of America, N.A., BAC Home Loans Servicing L.P. ("BAC"), Mortgage Electronic Registration System, Inc. ("MERS"), and MERSCORP Holdings, Inc. (together, "Defendants"). (Docket No. 6.) The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b). The Court took the matter under advisement on the papers submitted on September 10, 2013.

      Plaintiffs Michael and Maureen Haley seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against Defendants: (1) quiet-title, to determine

adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that Defendants'[1] Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiffs reside in and are in possession of real property located in Coon Rapids, Minnesota. (Compl. ¶ 1.) Plaintiffs acquired their interest in the property via warranty deed in 1994. (*Id.* at ¶ 2.) On July 7, 2005, Plaintiffs executed and delivered a promissory note to Home Loan Corporation. (*Id.* at ¶ 7.) The promissory note was secured by a mortgage Plaintiffs executed in favor of MERS, as nominee for Home Loan Corporation. (*Id.*, Ex. 1.) The Complaint contains no express allegation that Plaintiffs have defaulted on the promissory note, but the allegations in the Complaint and documents attached thereto regarding foreclosure proceedings indicate that Plaintiffs defaulted on the note by 2009. (*See* Compl. ¶¶ 22, 25-26, Exs. 5-7.)

On September 21, 2009, MERS, as nominee for Home Loan Corporation, assigned Plaintiffs' mortgage to BONYM. (Compl. ¶ 20, Ex. 4.) The assignment was recorded on October 29, 2009. (*Id.*) Ken Satsky, Assistant Vice President of MERS, executed the assignment of mortgage on behalf of MERS. (*Id.*) Plaintiffs allege that Satsky did not have legal authority to execute the assignment and that the assignment was improperly notarized. (*Id.* at ¶ 21.)

---

[1] Plaintiffs also purport to bring claims against "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." "There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. *See Sonsalla v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing *Estate of Rosenberg ex rel. Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

Plaintiffs allege that BONYM, CWALT, and Countrywide securitized Plaintiffs' loan into the CWALT, Inc. Alternative Loan Trust 2005-56 Mortgage Pass-through Certificates, Series 2005-56 trust. (Compl. ¶ 9.) Plaintiffs allege that the securitization was governed by a Pooling and Servicing Agreement ("PSA") which required numerous assignments of mortgage to be prepared and delivered to and from various entities. (*Id.* at ¶¶ 10-12.) Plaintiffs appear to allege that none of these purported required assignments were recorded. Plaintiffs also allege that pursuant to the PSA, BONYM gave power of attorney to BAC as the servicer of the mortgage, but that the power of attorney was never recorded. (*Id.* at ¶ 18.)

On October 9, 2009, BONYM prepared a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("October 2009 POA") authorizing the law firm Usset, Weingarden, & Liebo, P.L.L.P. ("Usset") to foreclose on Plaintiffs' mortgage. (Compl. ¶ 22, Ex. 5.) The October 2009 POA was executed by Kimberly Dawson as Vice President for BONYM and was recorded on October 29, 2009. (*Id.*) Plaintiffs allege that Dawson did not have legal authority to execute the October 2009 POA and that she is a "known robo-signer." (*Id.* at ¶ 23.)

On August 4, 2010, BONYM, through Usset, drafted a second Notice of Pendency to Foreclose Mortgage ("August 2010 NOP"). (Compl. ¶ 25, Ex. 6.) The August 2010 NOP was executed by Paul Weingarden, an attorney with Usset, and recorded on August 9, 2010. (*Id.*) Usset completed foreclosure by advertisement proceedings and a sheriff's sale was held on May 27, 2011, at which BONYM purchased the property for $247,439.86. (*See id.* at ¶ 26, Ex. 7.) Plaintiffs allege that Usset conducted the sheriff's sale on behalf of BAC rather than BONYM and that BAC did not have legal authority to make a bid or exercise the power of sale in the mortgage. (*Id.* at ¶ 26.) The Sheriff's Certificate of Sale was recorded on May 31, 2011. (*Id.* at Ex. 7.) Plaintiffs did not redeem the property within the six-month statutory redemption period.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## ANALYSIS

### I. QUIET TITLE

Plaintiffs bring a quiet title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet title statute provides that "[a]ny person in possession of real property. . .may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse

4

to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

Plaintiffs assert that it is Defendants' burden to "prove its title to the Mortgage." (Compl. ¶ 42.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685, 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

Plaintiffs challenge the validity of the foreclosure on their property by asserting that there were unrecorded assignments and powers of attorney before the foreclosure proceeding commenced which rendered the foreclosure invalid under Minnesota law, citing *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of mortgage be recorded before the foreclosure process begins). Plaintiffs' allegations regarding alleged unrecorded assignments prior to the foreclosure, purportedly required by a pooling and service agreement, are "based upon information and belief" and are merely conclusory assertions without any factual allegations to support them. Such conclusory allegations are insufficient to satisfy the *Twombly/Iqbal* standard or Rule 8. *See e.g.*, *Karnatcheva*, 704 F.3d at 548; *Ko*, 2013 WL 4052680, at *2; *Gerdes v. Fed. Home Loan Mortg. Corp.*, Civ. No. 13-696, 2013 WL 3929049, at *2 (D. Minn. July 30, 2013); *Lara v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-676, 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); *McGlory v. CitiMortg., Inc.*, Civ. No. 12-3145,

5

2013 WL 2934986, at *2 (D. Minn. June 14, 2013). In addition, to the extent Plaintiffs' claim is based on an allegation that a power of attorney was required from BONYM to BAC in order for the foreclosure (allegedly conducted by BAC) to be valid, that legal theory lacks merit because the documents in the public record show that BONYM, not BAC, conducted the foreclosure. For the same reason, Plaintiffs' allegation that BAC "lacked standing to proceed with a foreclosure" fails to support a quiet title claim.

Further, Plaintiffs' arguments regarding the pooling and service agreement fail because Plaintiffs are not parties to those agreements and lack standing to challenge Defendants' compliance with the PSAs. *See, e.g.*, *Karnatcheva*, 704 F.3d at 547; *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 U.S. Dist. LEXIS 119382, at *9-12 (D. Minn. Aug. 23, 2012), *aff'd*, 518 Fed. Appx. 498 (8th Cir. 2013) (citing *Blaylock v. Wells Fargo Bank, N.A.*, Civ. No. 693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012)).

Plaintiffs also challenge the foreclosure by asserting that individuals who signed assignments, notices of pendency, and powers of attorney lacked legal authority to do so. Plaintiffs' allegations regarding individuals' alleged lack of authority to sign documents fail for the same reasons discussed above. *See e.g.*, *Karnatcheva*, 704 F.3d at 548; *Ko*, 2013 WL 3088728, at *2; *Gerdes*, 2013 WL 3929049, at *2; *Lara*, 2013 WL 3088728, at *3; *McGlory*, 2013 WL 2934986, at *2. Moreover, "even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or [BONYM]," not Plaintiffs. *Forseth v. Bank of America, N.A.*, Civ. No. 13-38, 2013 WL 2297036, at *5 (D. Minn. May 24, 2013). As such, Plaintiffs lack standing to challenge these agreements. *See, e.g.*, *id.*; *Thao-Ziong v. Am. Mortg. Co.*, Civ. No. 13-354, 2013 WL 3788799, at *5 (D. Minn. July 18, 2013); *Pope v. Fed. Home Loan Mortg. Corp.*, Civ. No. 12-3094, 2013 WL 2251001, at *3 (D. Minn. May 22, 2013);

*Gerlich v. Countrywide Home Loans, Inc.*, Civ. No. 10-4520, 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011).

In addition, Plaintiffs' quiet title claim fails because Plaintiffs have unclean hands. In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *Haubrich v. U.S. Bank, N.A.*, Civ. No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013). A "plaintiff who seeks equity must come into court with clean hands." *Id.* (citations omitted). Plaintiffs indisputably defaulted on their mortgage loan by failing to make promised payments. "They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands." *Stilp*, Civ. No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. March 20, 2013), *aff'd*, 2013 WL 5340399 (8th Cir. Sept. 25, 2013) (citing *Novak*, 2012 U.S. Dist. LEXIS 119382, at *9-12). Plaintiffs cannot state an equitable quiet-title claim and dismissal also is warranted on this basis. *See, e.g.*, *id.*

For these reasons, the Court recommends that Count I be dismissed. Plaintiffs' Complaint "tenders 'naked asssertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550, U.S. at 557). Plaintiffs' "pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation" that there were unrecorded assignments or individuals lacked legal authority. *Karnatcheva*, 704 F.3d at 548. Plaintiffs' assertions fail to provide any facts to render their claim plausible and as such the claim is properly dismissed.

### B. Declaratory Judgment

For the same reasons, then, the declaratory judgment claim, Count II, must fail. *See Ko*, 2013 WL 3088728, at *3. "A claim for declaratory judgment must be supported by a substantive

7

legal right." *Lara*, 2013 WL 3088728, at *3 (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

C. **Slander of Title**

Plaintiffs assert a slander of title claim against Defendants in Count III. A slander of title claim requires that (1) defendants made a false statement; (2) then published that false statement to others; (3) defendants maliciously published the statement; and (4) the publication caused plaintiffs a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiffs allege that documents recorded in support of the foreclosure were false because they "were not executed by legally authorized persons" and that Defendants "knew or should have known that the documents were false." (Compl. ¶¶ 49-50.)

Plaintiffs have not adequately pleaded the elements of a slander of title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims). Plaintiffs were required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* Plaintiffs have failed to identify any specific allegedly false statement. Plaintiffs also fail to even allege malice. Nor have Plaintiffs pleaded any facts explaining how they were caused special damages. Plaintiffs' slander of title claim should be dismissed. *See Ko*, 2013 WL 3088728, at *4; *Pope*, 2013 WL 2251001, at *4; *Haubrich*, 2012 WL 3612023, at *6.

**RECOMMENDATION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Docket No. 6) be **GRANTED**; and

2. This matter be **DISMISSED WITH PREJUDICE**.

Dated:  November 21, 2013                              s/ Arthur J. Boylan
                                                     Chief Magistrate Judge Arthur J. Boylan
                                                     United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  December 5 , 2013.